MEMORANDUM **
Appellants American Sports Radio Network, Inc. (“ASRN”), and Sound Money *576 Investors, Inc. (“SMI”), appeal the bankruptcy court’s dismissal of their adversary complaint against Appellee-Debtor Garrett Kelly Krause. This appeal primarily involves issues of Nevada state law. As to those issues, we have, in an order filed simultaneously with this memorandum, certified a question to the Nevada Supreme Court. Krause also raises, as an alternative basis for affirmance, an issue of federal law. For the reasons stated below, however, Krause’s federal-law argument provides no basis to affirm the bankruptcy court’s ruling.
In his brief, Krause points out, correctly, that the Supremacy Clause, U.S. Const, art. VI, cl. 2, requires “state law [to] yield if it is contrary to federal law.” Without developing the argument, he asserts that application of a state-law rule allowing ASRN and SMI to cure their filing deficiencies and proceed with their adversary proceeding would “be inconsistent with bankruptcy law because it would permit Appellants to circumvent the bar [date] of [Federal Rule of Bankruptcy Procedure] 4007(c).”
We reject this argument. There is no question that federal bankruptcy law does trump state law, when they are in conflict. Here, however, state law is expressly incorporated in federal bankruptcy law through Federal Rule of Civil Procedure 17 and Federal Rule of Bankruptcy Procedure 7017. Cf. Fed. R. Bankr.P. 4007(e) (stating that complaint alleging nondischargeability of a debt is governed by “Part VII” rules governing adversary proceedings, which include Bankruptcy Rule 7017). Krause provides no persuasive argument that Rule 4007(c) was intended to limit the incorporation of state law via Rules 17(b) and 7017. See generally 10 Collier on Bankruptcy ¶7017.01(15th ed. rev.2008) (“Since Rule [of Civil Procedure] 17 ... is specifically incorporated into the adversary proceedings rules, the body of law applying that rule in nonbankruptcy federal litigation generally constitutes viable authority in bankruptcy litigation as well.”). At any rate, the primary bankruptcy concern of notice was satisfied when Krause was given actual, timely notice of the nondischargeability action. See Capobianco v. Trew (In re Capobianco), 248 B.R. 833, 841 (9th Cm. B.A.P. 2000) (“[W]hat matters in this appeal is that the nondischargeability action was [timely] filed against Capobianco’s debt to Trew, not that the action was initially brought by the wrong party.”); FDIC v. Meyer (In re Meyer), 120 F.3d 66, 69 (7th Cir.1997) (“A putative creditor filed on time a complaint of nondischargeability and thus fulfilled Rule 4007(c)’s mandate.”).
The court will issue a separate memorandum on the remaining issues after the Nevada Supreme Court answers the certified question.
The issuance of the mandate shall be stayed pending resolution of the certified question.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.